UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CEDRIC HOWARD,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:21-cv-01282-RFB-DJA<br><br>ORDER |

**I.　DISCUSSION**

On January 3, 2022, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 5.) The Court allowed some claims to proceed and dismissed other claims without prejudice and with leave to amend. Plaintiff has filed an amended complaint. (ECF No. 10.) Prior to filing the amended complaint, Plaintiff updated his address, showing that Plaintiff was no longer incarcerated when he filed the amended complaint. (ECF No. 7.) As such, the screening requirements of 28 U.S.C. § 1915A do not apply to Plaintiff's amended complaint. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017) (holding "that a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained'"); cf. Jackson v. Fong, 870 F.3d 928, 937 (9th Cir. 2017) (holding that a "plaintiff who was a prisoner at the time of filing his suit but was not a prisoner at the time of his operative complaint is not subject to a [Prison Litigation Reform Act] exhaustion defense").

Under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), cases in which the plaintiff proceeds in forma pauperis are subject to screening, and "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (holding that this screening procedure

applies to all actions filed <u>in forma pauperis</u>, whether or not the plaintiff is incarcerated). In this case, however, Plaintiff has paid the filing fee in full. (ECF No. 4.) Because Plaintiff was not incarcerated when he filed the amended complaint, and he paid the filing fee in full, this case is not subject to screening.

Accordingly, this case is removed the screening pool and will proceed according to standard litigation practices. Plaintiff may proceed with service upon the Defendant(s). The Court will not assign this case to the Court's Inmate Early Mediation Program at this time but may do so in the future if it appears that the program will assist the parties in resolving their dispute.

## II. CONCLSUION

For the foregoing reasons, it is ordered that the Court accepts the amended complaint (ECF No. 10) as the operative complaint in the case. The Clerk of the Court will send Plaintiff a courtesy copy of the amended complaint.

It is further ordered that the Court will not screen the amended complaint, and this case will proceed along a standard litigation track.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must perfect service within ninety (90) days from the date of this order. Plaintiff should carefully review the Federal Rules of Civil Procedure to ensure that he complies with the requirements of service, as well as all of the other requirements of the Federal Rules of Civil Procedure.

DATED THIS 22nd day of November, 2022.

RICHARD F. BOULWARE, II
United States District Court