**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Cedric Howard,<br>Plaintiff,<br>v.<br>Nevada Department of Corrections, et al.,<br>Defendants. | Case No. 2:21-cv-01282-RFB-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff's motion for status conference and motion for issuance of a scheduling order, which motion is filed at ECF Nos. 28, 29, and 30. Plaintiff asks the Court to set a scheduling conference "to clarify the status of service of process upon all named individual Defendants" and/or issue a discovery plan. The Court denies these motions without prejudice.

Defendants have not yet appeared in this action.[1] So, discovery is premature and the Court declines to hold a discovery hearing or set a discovery schedule. *See* Fed. R. Civ. P. 26(d)(1) (explaining that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)). It is also not clear what Plaintiff is requesting when he asks the Court for a hearing "to clarify the status of service of process." Plaintiff has filed documents in which he claims to have served Defendants—officials at the Southern Desert Correctional Center and the Nevada Department of Corrections ("NDOC")[2]—by having a process server

---

[1] To the contrary, Plaintiff has moved for and obtained a Clerk's entry of default. (ECF Nos. 16, 17). Plaintiff has not, however, obtained a default judgment. *See* Fed. R. Civ. P. 55(a)-(b).

[2] Plaintiff also names the Southern Desert Correctional Center itself as a Defendant in his amended complaint. (ECF No. 10 at 4). Plaintiff previously named NDOC as a Defendant in his original complaint (ECF No. 6), but did not re-name NDOC in his amended complaint (ECF No. 10). However, Plaintiff did not file an executed summons for the Southern Desert Correctional Center, but filed one for NDOC. (ECF No. 15 at 3).

deliver the amended complaint and summonses to Chenyce Webb, a Human Resources administrative assistant at the Casa Grande Transitional Housing Center in Las Vegas.[3] (ECF No. 15). To the extent Plaintiff is seeking legal advice regarding the sufficiency of his service for the purposes of default, the Court cannot provide that advice. However, Plaintiff is informed that "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Plaintiff is further informed that Federal Rule of Civil Procedure 4 governs service of process and Federal Rule of Civil Procedure 55 governs defaults.

Given Plaintiff's attempts to comply with this Court's order that he must take some action in this case to avoid dismissal for lack of prosecution, the Court will give Plaintiff another thirty days to take action in this case to move it forward.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for status conference and issuance of a scheduling order (ECF Nos. 28, 29, 30) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 7, 2026,** to take some action in this case to move it forward. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

DATED: November 5, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[3] The Casa Grande Transitional Housing Center is an NDOC facility at which offenders who are within eighteen months of their parole eligibility date may live. *See Casa Grande Transitional Housing (CGTH)*, NEVADA DEPARTMENT OF CORRECTIONS, https://www.doc.nv.gov/facilities/cgth-facility/ (last visited Nov. 4, 2026).